plea ; and that the defendant cannot plead any matters in bar of the discovery merely, when the matters thus pleaded would be equally valid as a defence to the relief.

That where a defendant pleads or demurs to any part of the discovery sought by the bill, and answers likewise, if the complainant takes exceptions to the answer before the plea or demurrer has been argued, he admits the plea or demurrer to be good, and that if the plea or demurrer is afterwards set down for argument the defendant may move to strike the case from the calendar.

*Effect of excepting to answer accompanying a plea or demurrer*

That if a complainant, after excepting to an answer, puts the cause upon the calendar, and notices it for hearing, it will be deemed a waiver of the exceptions.

*Waiver of exceptions.*

Plea of defendant E. C. Marsh overruled, with costs of the hearing before the vice chancellor, but defendant not to be charged with costs on the appeal. Leave to complainant to except within thirty days to Marsh's answer, if he wishes a further answer ; and defendant to pay costs and answer exceptions within thirty days after they are filed.

Decretal order of the vice chancellor reversed, with costs as to the pleas of the defendant Curtis ; and those pleas overruled, with costs. Defendant to pay costs and put in his answer within thirty days.

Decretal order of the vice chancellor allowing the plea of J. Marsh also reversed, with costs. Defendant to pay costs and put in his answer in thirty days.

*William H. Brown et al.* v. *Edmund Frost et al.* E. SANDFORD, for appellants ; S. SHERWOOD, for respondents.

Appeal from a decree of the assitant vice chancellor of the first circuit. (*See Hoff. Ch. Rep.* 415. *S. C.*) Decided that an original bill to impeach or set aside proceedings upon a master's sale under a decree of foreclosure cannot be sustained, where there was nothing to prevent an application in the foreclosure suit, for a resale, by those interested in the premises. That if the master sells at an improper time, or in such a manner as to prevent a fair competition, or if for any other cause it would be inequitable to permit the sale to stand, the proper remedy is by a summary

*Setting aside master's sales.*

*Motion for resale.*

application to the court in which the decree was made, for a resale of the premises, upon such terms and conditions as may be just; so as to protect the rights of the purchaser as well as of the parties interested in the sale.

Right of mortgagee to become the purchaser.

That under a decree of foreclosure the mortgagee, or any other party to the suit has the same right which a stranger has to become a purchaser at the master's sale. And that if the mortgagee bids more for the property than it is worth, he is still bound to take it in satisfaction of his debt, to the extent of his bid, and to pay the surplus money, if any, to the owner of the equity of redemption.

That where the property is fairly struck off to him, therefore, he has the same right to be protected in his purchase, if he complies with the terms and conditions of the sale, as if he were not a party to the suit.

Resale may be applied for at any time before report is confirmed.

That until the master's report of sale is confirmed, the court will not interfere to compel a delivery of the possesion of the premises to the purchaser, whether such purchaser be the mortgagee himself or a stranger to the suit. And until such confirmation of the report, any person interested in the sale may apply to the court for a resale if there is just ground for it.

Confirmation of report not prevented by tender of amount of decree.

But that the report of sale is confirmed of course at the expiration of the eight days from the entering of the order nisi, if no exceptions are filed; unless there is an application in the meantime to set aside the sale. And that the former owner of the equity of redemption cannot prevent the confirmation of the report by tendering or offering to pay the amount of the decree, with interest and costs.

Decree appealed from reversed, and bill dismissed; but without prejudice to right of respondents to apply for a resale, in case the master's report had not been confirmed before the filing of the bill in this cause.

*Abraham H. Bradley* v. *Cheney Amidon et al.* P. OUTWATER Jun., for complainants; E. FORMAN, for defendants.

Decree of the vice chancellor reversed, and bill dismissed with costs, including the costs of the executors and trustees upon this appeal.