HORATIO N. TUTHILL *et al.*, Appellants, *v.* IRA TRACY *et al.*, Respondents.

Where there has been a sale of mortgaged premises, pursuant to a power under statute (3 R. S., p. 547, § 8), the equity of redemption of the mortgagor is thereby foreclosed; though the affidavit of the publication of notice of sale, and of the posting thereof, be not made and recorded, as required by statute, for twenty years thereafter.

The right of the mortgagor to redeem is terminated, whenever there has been a sale of the mortgaged premises, regularly made, pursuant to the power contained in the mortgage, or under a decree of sale.

*W. Woodbury*, for the appellants.

*A. J. Parker*, for the respondents.

DAVIES, J. This action was commenced by the appellants as heirs-at-law of Anson Tuthill, deceased, to redeem a mortgage executed by him, in his lifetime, to one Burbank. The facts, as found by the referee who tried the action, are: That said mortgage was dated on the 27th of January, 1834, and covered premises which descended to the appellants, on the death of the mortgagor, as his heirs-at-law; that said mortgage was purchased by one Aldrich, who proceeded to foreclose the same, under the statute; that the sale of the premises took place, pursuant to the statute, on the 25th of September, 1839. Several persons bid at the sale, and the premises were struck off to the defendant Burbank, he being the highest bidder therefor; and it did not appear that any memorandum in writing was made of the sale. A question was made before the referee, whether the purchase was made by Burbank individually, or as the agent of Aldrich, the holder of the mortgage; and, upon the facts found by the referee, it was clearly made by him as agent of Aldrich, and the latter could compel a conveyance of the premises by Burbank to himself. But the solving of this question, or the settlement of this question, between Burbank and Aldrich, is wholly immaterial and irrelevant to the right of these appellants to maintain this action to redeem. If they have that

right, as both Burbank and Aldrich are made parties defendants, it is of no consequence, in the disposition of that question, which was in fact the purchaser at the sale.

The referee also found that the sale was not fraudulent or unfair, and that Burbank was the agent of Aldrich in bidding off the premises at the sale. He also found that no affidavit of the publication of the notice of sale was made until the time of the first trial of this action, January 17, 1854, at which time the affidavit was made and recorded in the clerk's office of Allegany county, showing the publication of such notice the time required by law in a newspaper published in said county, and also the posting said notice on the outer court house door of said county. The auctioneer at the time of the sale made an affidavit of the sale to Burbank, and which affidavit stated the amount claimed to be due on said mortgage, on the 18th day of March, 1839, to be $461.11, and which affidavit was recorded in the clerk's office of Allegany county on the 28th of September, 1839. The referee found, as conclusions of law, that, by the sale and the affidavit as made and recorded, the title to the premises was vested in Burbank, for the benefit of Aldrich; that no fraud was practiced by Burbank in making the bids, and that the fraudulent claim set up by Burbank, that he bid off said premises on his own account, and not for Aldrich, did not affect the validity or reality of the sale; that the plaintiffs' equity of redemption was barred by the sale; that the making and recording the affidavits of sale and publication were not necessary to bar the equity of redemption, and that the same was barred by the sale when the premises were struck off to Burbank. The referee thereupon dismissed the complaint, and rendered judgment for the defendants, and the same was affirmed at the General Term, and the plaintiffs now appeal to this court.

As already observed, the plaintiffs' rights are unaffected by the question whether Burbank purchased the premises for himself personally, or as the agent of Aldrich.

The provisions of the Revised Statutes in force at the time this sale was made, applicable to sales by advertisement to fore-

close a mortgage and cut off the equity of redemption, were as follows : " Every sale pursuant to a power as aforesaid, and conducted as herein prescribed, made to a purchaser in good faith, shall be equivalent to a foreclosure and sale under the decree of a court of equity, so far only as to be an entire bar of all claim or equity of redemption of the mortgagor, his heirs and representatives, and of all persons claiming under him or them by virtue of any title subsequent to such mortgage." (3 R. S., 5th ed., 861, § 8.)   Sections 9 and 10, same page, contain directions as to the affidavits to be made of the sale, and the publication and posting of the notice of sale ; and section 12 declares that such affidavits shall be recorded at length by the clerk of the county where such sale took place, in a book to be kept for the record of mortgages, and such original affidavits, the record thereof and certified copies of such record shall be presumptive evidence of the facts therein contained ; and section fourteen (p. 862) provides that when the mortgaged premises, or any part thereof, shall have been purchased at such sale by the mortgagee, his legal representatives, or his or their assigns, or by any other person or persons whatsoever, as therein before provided, the affidavits of the publication and affixing notice of sale, and of the circumstances of such sale, shall be evidence of the sale and of the foreclosure of the equity of redemption, as therein specified, without any conveyance being executed, in the same manner and with the like effect as a conveyance executed by a mortgagee upon such sale to a third person hath theretofore been.

The only question made by the appellants as to the regularity or validity of the sale, consists in the fact that the affidavit of the publication of the notice of sale, and of the posting thereof, had not been made and recorded, as required by statute, at the time of the commencement of this action, and that consequently their equity of redemption was not barred.   It is found as a fact that the proper affidavit of such publication and posting was made and recorded in January, 1854, pending the first trial of this action.   It is to be observed that no time is fixed by statute for the making and recording of any of the required affidavits.   In the absence

of any such requirement, it may well be that, so long as the purchaser did not wish to assert affirmatively his title, he might omit to have made and recorded these affidavits, which are declared by statute the substitute as equivalent of a conveyance by the mortgagee, and the cases are numerous which hold that the legal title is not transferred to the purchaser, so that he may maintain ejectment for the premises, until the affidavits required by statute as a substitute for the conveyance have been made and recorded. (*Arnot* v. *McClure*, 4 Denio, 41; *Cohoes Company* v. *Goss*, 13 Barb., 137; *Layman* v. *Whiting*, 20 id., 559; *Bryan* v. *Butts*, 27 id., 503.)

·The sale, in this case, was made pursuant to the power contained in the mortgage, and was in all respects regular. The statute declares that every sale pursuant to the power, and conducted in the manner prescribed in the statute, made to a purchaser in good faith, shall be equivalent to a foreclosure and sale under a decree in equity, so far as to be an entire bar of all claim or equity of redemption of the mortgagee, his heirs and representatives. In the present instance the purchase at the sale was a purchase in good faith, and is protected by the language of the statute from any claim of an equity of redemption, so far and to the same extent as a purchase at a sale under a decree in equity.

In *Burr* v. *Frost* (10 Paige, 243), the chancellor held that the owner of the equity of redemption is not entitled to redeem the mortgaged premises after the same have been put up and sold under the decree, although the mortgagee becomes the purchaser at such sale. And the chancellor, in his opinion, distinctly declared that the mortgagor had no right to prevent the consummation of the sale by a mere tender of the amount of the decree and costs, previous to the execution of the master's deed. The vice-chancellor in that case had stated it to be an established rule of the Court of Chancery in this State, that the right of redemption remains until the purchase by the mortgagee is consummated, the deed delivered and the report confirmed. This rule the chancellor denies, and says no such right had ever been claimed by the owner of the mortgaged premises in any suit or pro-

ceeding before him, during the fifteen years in which he had presided in that court. He adds, that the time allowed to the purchaser to pay the purchase-money, on payment of which, by the condition of the sale, the deed was to be delivered, was for the convenience of the purchaser, and to enable the master to get the best price for the property, and not for the purpose of giving the mortgagor the right of redemption in the meantime.

It follows, that the right to redeem was barred by the sale; and its subsequent consummation, by the making and recording of the required affidavits, was only necessary to vest the complete legal title in the purchaser. He had the equitable title by the purchase, and payment of the consideration money, and that equitable title would not be defeated by the setting up of another equitable title — that of the equity of redemption.

The judgment of the Supreme Court was correct, and should be affirmed.

MULLIN, J. The proceedings to foreclose the mortgage given by plaintiffs' father to Burbank were regular. The only plausible ground of exception is to the postponement of the sale from the 10th September, 1839, to the 25th of the same month, by a notice dated on the 7th, and which was published in the newspaper on the 11th, the day after the one first appointed for the sale. It was not proved that any person appeared for the assignee of the mortgage, at the time and place appointed for the sale, and then and there gave notice of postponement. If this was essential to a valid postponement, none was made, and the subsequent sale was wholly irregular.

Section 5 of the statute regulating foreclosures of mortgages by advertisement (3 R. S., 5th ed., 860), provides that a sale may be postponed from time to time, by inserting a notice of such postponement, as soon as practicable, in the newspaper in which the original advertisement was published, and continuing such publication until the time to which the sale was postponed.

It is the publication of the notice of postponement that adjourns the sale, and such notice need not be published before the day of sale. It must be done as soon as practicable after the necessity for the postponement arises, and this necessity may arise before the sale, but will more frequently arise on the day of sale, so that a publication before the day would be impossible.

In chancery, the foreclosure, and a sale by the master, barred the mortgagor's equity of redemption. (*Brown* v. *Frost*, 10 Paige, 243.) A deed was not necessary to accomplish that result.

The 8th section of the statute above referred to declares that every sale, pursuant to a power and conducted as therein prescribed, made to a purchaser in good faith, shall be equivalent to a foreclosure and sale under the decree of a court of equity, so far as the mortgagor's equity of redemption is concerned.

A deed from the mortgagee or assignee, when some person other than himself is the purchaser at such sale, or the affidavits of publication and sale and posting when such mortgagee or assignee is the purchaser, is not necessary to extinguish the mortgagor's equity of redemption : they (the deed in the one case and the affidavits in the other) are evidence of the proceedings to foreclose, and are the means by which the legal title of the mortgagor is transferred. The equitable interest of the mortgagor is the one sought to be barred : that is not barred by a conveyance. It is the decree and sale, or the perfection of the statutory proceedings by a sale, that extinguishes such equity.

The delay in making and recording the affidavits did not extend the plaintiffs' right of redemption ; and the purchaser at the sale acquired, as against them, a valid title to the property.

I do not discover in the case any evidence that Burbank acted in bad faith toward the plaintiffs in purchasing the premises. At all events, no such fact is found by the referee. If he (B.) defrauded Aldrich, that furnishes no ground on which the plaintiffs can rest a claim to relief.

It may be, and very likely is, a very hard case for these children, but the purchaser has acquired a right in the manner pointed out by the law in the premises, which cannot now be divested without doing infinitely greater injustice to others than it would confer benefit on them.

I am, therefore, of opinion that the judgment should be affirmed, with costs.

All concurred in affirmance.

Judgment affirmed.