CHARLES T. FRINK, Respondent, *v.* SAMUEL THOMPSON and HENRY D. THOMPSON, Appellants.

(GENERAL TERM, SIXTH DISTRICT, JULY, 1869.)

Instruments requiring a revenue stamp, though unstamped, may be stamped and used in evidence, in the absence of intent to defraud the revenue in omitting the stamp.

Whether the revenue laws require that affidavits in proceedings on foreclosure of a mortgage upon real estate by advertisement (2 R. S., 547, § 9, &c.) shall be stamped, *quere.*

Such affidavits are evidence of the title purchased at such foreclosure sale, although unrecorded. The *dictum* in *Tuthill* v. *Tracy* (31 N. Y., 157) to the contrary, disapproved. *Howard* v. *Hatch* (29 Barb., 297), upon this point, reaffirmed.

THE plaintiff had a verdict at the Cortland Circuit in January, 1869, for the recovery of the possession of over 300 acres of land, situated in Cortland county, with $400 damages. Judgment was rendered against the defendants on the verdict, with costs. The defendants made a case, containing exceptions, which constituted a part of the judgment roll in the action. The defendants appealed from the judgment to the General Term of this court.

*George B. Jones,* for the plaintiff, cited the following authorities: Revenue laws of congress; *Beebe* v. *Hutton* (47 Barb., 187); *Vorebeck* v. *Roe* (50 id., 302); *Desmond* v. *Norris* (10 Allen, 250); *Terrell* v. *Moulton* (12 id., 396); 3 Hill, 95; 3 Johns. Cas., 322; 4 Cow., 266; 1 Paige, 48; 4 Johns., 220; *Howard* v. *Hatch* (29 Barb., 297); 2 R. S., 3d ed., part 3, chap. 8, § 14; 97 Mass., 452; Yates, 73; *Anderson* v. *Austin* (34 Barb., 319).

*Arthur Holmes,* for the defendants, cited revenue laws of congress; *Beebe* v. *Hutton* (47 Barb., 187); *Cole* v. *Bell* (48 id., 196); *Baird* v. *Pridmore* (31 How. Pr., 359); *Myers* v. *Smith* (48 Barb., 614); *Hoppock* v. *Stone* (30 How. Pr.,

120); 49 Barb., 524; *Vorebeck* v. *Roe* (50 id., 302); *Arnott*
v. *McClure* (4 Denio, 41); *Cohoes Co.* v. *Goss* (13 Barb.,
137); *Layman* v. *Whiting* (20 id., 559); *Bryan* v̇. *Butts* (27
id., 503); *Tuthill* v. *Tracy* (31 N. Y., 157); 1 Paige, 461; 2
id., 202; 4 Johns. Ch., 38; 15 N. Y., 354.

Present — BALCOM, BOARDMAN and PARKER, JJ.

By the Court — BALCOM, P. J.   The plaintiff's title to the
land in dispute depended on the validity of his foreclosure of
a mortgage on the same, by advertisement, under the statutes
"of the foreclosure of mortgages by advertisement." (2 R. S.,
545.)   The affidavits of the publication and posting of the
notice of sale, of its service, and of the circumstances of such
sale, &c., were all made and recorded; but no revenue stamps
or stamp was upon the affidavits.   The plaintiff proved that
the omission to have revenue stamps put upon the affidavits
was unintentional, and without any intention to defraud the
government.   The affidavits were thereupon stamped with
the requisite revenue stamps, and they were then read in evi-
dence, under the objection and exception of the defendants'
counsel.   The defendants' counsel contended that the affida-
vits were invalid by reason of the omission to put stamps on
them when they were made, and that the requisite stamps
could not be affixed to them on the trial; and if they could
be stamped on the trial, they must be again recorded in order
to vest the title to the land in the plaintiff.   The judge ruled
against the defendants on these questions, and they excepted
to such rulings.

The authorities justified the judge in permitting the plain-
tiff to affix revenue stamps to the affidavits on the trial, if any
such stamps were necessary to their validity.   But we do not
determine the question whether such stamps were necessary
to render the affidavits valid.   We have repeatedly held that
no instrument is invalidated by the omission to affix the pro-
per stamp, unless the omission to affix such stamp be "with
intent to evade the provisions" of the act of congress requir-

ing stamps to be used.   But we have not published‘ our deci-
sions, for the reason that we have heretofore supposed enough
such decisions, made in other districts and in other States,
have been published to satisfy the profession that the neglect
duly to stamp an instrument must be fraudulent to invalidate
it.   We held, in *Howard* v. *Hatch* (29 Barb., 297), that affi-
davits like those given in evidence in this case, need not be
recorded in order to pass the title to the purchaser of the mort-
gaged premises.   And we do not doubt the correctness of that
decision, notwithstanding the *obiter* remarks of Judge Davies
in *Tuthill* v. *Tracy* (31 N. Y., 157).   If we have not erred
upon this question, there certainly was no necessity for again
recording the affidavits after they were stamped.

We do not deem any other question in the case of suffi-
cient importance to require particular notice.   We think no
error was committed on the trial to the prejudice of the
defendants.   Our conclusion therefore is that the judgment
in the action should be affirmed with costs.

So decided.