### *In re* Palmer, Bankrupt.

*(District Court, N. D. New York.  1882.)*

BANKRUPTCY—PRIVATE SALE BY ASSIGNEE—INADEQUACY OF PRICE.

Where an assignee sells property at private sale, in pursuance of an order of the court allowing him to sell as the register may direct, such sale will be set aside and a resale ordered when it is made to appear to the court that the property is worth a much greater sum than that at which it was sold, and parties are willing to bid it in at its real value, even in cases where there is no actual fraud on the part of those interested in the first sale.

*George Gorham,* for motion.

*W. L. Sessions,* opposed.

Coxe, D. J.   This is a motion by a creditor to set aside a private sale by the assignee of his interest in lot No. 657, Cherry Grove township, Warren county, Pennsylvania, to William W. Welch, and a subsequent sale by Welch to one John L. McKinney.   The assignee's sale was made pursuant to an order of the court dated July 18, 1882, allowing him to sell the said interest under the direction and control of the register, and in such manner as he should order and direct.   The register took the proof and heard the allegations of the parties.   On the twenty-second of July he made an order authorizing the sale, without public notice, for $825.   On the nineteenth day of August following, Welch sold the property for $4,500.   Petitioner, who is a creditor in the sum of $6,500, had no notice of the sale, and now asks that it be set aside as fraudulent and irregular, alleging that the assignee's interest was worth much more than the amount received. Two affidavits are produced, in which the affiants swear that the said interest was worth at least $3,000, and they offer, upon a resale, to bid that sum for it.

The remedy adopted by the petitioner, though summary, seems to be the proper one.

The act of June 22, 1874, (18 St. at Large, p. 178, § 4,) having reference to *public* sales—and *a fortiori* to private sales—by the assignee, provides:  "And the court, on application of any party in interest, shall have complete supervisory power over such sales, including the power to set aside the same and to order a resale, so that the property sold shall realize the largest sum."   See, also, *Hale* v. *Clauson,* 60 N. Y. 339; *In re Major,* 14 N. B. R. 71; *Brown* v. *Frost,* 10 Paige, 243; Barb. Ch. Pr. (2d Ed.) 541.

If the reasons which require a resale were not based upon substantially undisputed facts, a reference should be ordered; but it seems to be sufficiently established that the property sold was worth much more than the amount paid. The proceeding was certainly irregular, and out of the ordinary course of judicial sales. The creditors had no notice; the business was transacted privately and in haste. And yet the evidence fails to establish bad faith on the part of the assignee. He was appointed 14 years before, and during all that time he had received no offer for his interest in the land. No assets had come into his hands. No creditor had proved his debt. The land had been sold for taxes, the title was in dispute, litigation was in progress. The offer of $825 was made only upon the condition that it should be accepted at once. In these circumstances, the assignee might well have thought that it was his duty, acting for the best interests of the creditors, to consummate the sale. It is enough to say that he was deceived and misled; that he inadvertently did an act which was detrimental to the interests of the creditors; enough that a resale will doubtless realize $3,000 and upwards, for distribution among them.

In *Re O'Fallon*, 2 Dill. 548, Judge Dillon says:

"Where a public sale of the real estate is made by the assignee in bankruptcy under the order of the bankruptcy court, and the property is struck off to the highest bidder, such sale is subject to the approval of the court, which has a discretion to refuse to confirm it for a mere inadequacy of price. It is not necessary that there should be fraud, or such gross inadequacy of price as to be evidence of fraud."

The practice in England, almost as a matter of course, is to open the sale on being assured of a fair advance on the amount bid. This is the rule even in public sales. Our courts have hesitated to establish a doctrine so advanced. No case has been found, however, at all approximating the case at bar, where a resale has been refused.

An order may be entered granting the prayer of the petition, but upon the condition that the petitioner procures to be filed in the office of the clerk an offer in writing, accompanied with security, to bid for the assignee's interest in the said property at least the sum of $2,000.

Motion granted.