(39 Misc. Rep. 212.)

### BARNARD v. JERSEY et al.

(Supreme Court, Special Term, New York County. November, 1902.)

1. FORECLOSURE SALE—REDEMPTION.
   Where a foreclosure sale has been made to a stranger, the right to redeem is terminated by the sale itself, and not by the referee's deed to the purchaser.
2. SAME—SETTING ASIDE.
   A foreclosure sale will not be set aside for inadequacy of price alone.

Action by Margaretta A. Barnard against Abraham P. Jersey and others. Motion to redeem in an action of foreclosure. Denied.

Blandy, Mooney & Shipman, for purchaser.
Lawrence N. Martin, for defendants.

SCOTT, J. The plight in which the defendants find themselves is one which appeals strongly to my sympathy, and I should be glad if I could see my way clear to relieve them. The action is for the foreclosure of a second mortgage for $415, executed no longer ago than January of the present year. The property involved is the home of the defendants, and subject to a first mortgage of $6,000. The action was begun on August 30, 1902, and no question is made but that the summons and complaint were served upon the defendants, or that all the proceedings in the action were fair and regular. The defendants did not appear in the action, the reason they give for not doing so being that they were wholly ignorant of the significance and effect of the proceedings to foreclose. As judgment went against them by default, the progress of the action was rapid, and resulted in a judgment on September 25, 1902, under which the premises were sold to a person not a party to the action on October 22, 1902, for the sum of $9,350. After the sale the defendant Abraham P. Jersey learned for the first time, as he says, that the action against him was one which had for its object the sale of his property. He at once

¶ 2. See Mortgages, vol. 35, Cent. Dig. § 1540.

raised in some way the money necessary to pay the mortgage debt, interest, and costs, and tendered the same to the referee, with a view to the redemption of the property, and now makes this motion to be allowed to redeem. The plaintiff's attorney and the referee make no objection to the motion, but the purchaser does object, and stands upon what he deems to be his legal right to receive a conveyance of the property. The defendants did not make the purchaser a party to the motion, although obviously he was the person most interested in its outcome. He has, however, filed an affidavit, and appeared by counsel, and the way is, therefore, open to a consideration of the motion upon the merits. As has already been said, the defendants do not charge any fraud, irregularity, or oppression in the institution or conduct of the suit, and therefore cannot base any claim for relief upon those grounds. They do say that the property is worth more than it sold for, but do not allege any irregularity or fraud in the sale. They cannot, therefore, prevail on this ground, for it is well settled that a judicial sale will not be set aside for mere inadequacy of price. The question involved, therefore, resolves itself into whether a defendant's right to redeem is terminated by a sale to a bidder not a party to the action, or survives the sale, and is terminated only by the referee's conveyance to the purchaser. Of the rule in chancery before the adoption of the Code of Civil Procedure there can be no doubt. It was expressed by the court of appeals in the following language: "In chancery, the foreclosure, and a sale by the master, barred the mortgagor's equity of redemption. A deed was not necessary to accomplish that result." Tuthill v. Tracy, 31 N. Y. 157–162. The same rule has been expressly declared by the court of chancery. Brown v. Frost, 10 Paige, 247. The Code of Civil Procedure does not in so many words declare at what stage in the proceedings the right to redeem shall be terminated, where the foreclosure is by action, thus apparently leaving the old equity rule in full force. That this omission is not accidental is indicated by the fact that in the provision of the Code relating to foreclosure by advertisement, which is a purely statutory proceeding, and can gain no aid from the rules of practice in equity, it is expressly declared that it is the sale which bars all claim or equity of redemption. Section 2395. Indeed, the language of that section shows very clearly that the framers of the Code understood that it was the sale in a foreclosure action which ends the right to redeem. The language is:

"A sale made and conducted as prescribed in this title, to a purchaser in good faith, is equivalent to a sale pursuant to a judgment in an action to foreclose a mortgage so far only as to be an entire bar of all claim or equity of redemption upon or with respect to the property sold, of each of the following persons: (1) The mortgagor, his heir, devisee, executor or administrator."

The only construction that can be put upon this section is that it was the clear understanding of the codifiers and the legislature that it was the sale pursuant to a judgment that barred the right of redemption of the mortgagor, where a mortgage is foreclosed by action. As was said in Coudert v. De Logerot (Sup.) 30 N. Y. Supp. 114:

"Where the purchaser (not a party to the action, and not connected with any of the parties) purchases a piece of property at a sale fully advertised, and made in accordance with the judgment, his right to complete his sale, and get the benefit of the bargain he has made, should not be taken from him in a case where he is acting in entire good faith, merely because the parties to the action find that they have made a mistake in allowing him to purchase at the price that he did."

The defendant rests his contention in large measure upon the recent case of Nutt v. Cuming, 155 N. Y. 309, 49 N. E. 880. The opinion in that case must, however, be read in view of the question presented to the court for decision. So read, it does not avail the defendant. In that case it appeared that a party to the action held a judgment against the mortgagor, which was at the time of the entry of the judgment of foreclosure a lien upon the real estate, subject to the mortgage. The sale under the judgment did not take place for several years, by which time the judgment had become more than 10 years old, and had ceased to be a lien upon the land. The question was whether the judgment creditor was entitled to share in the surplus moneys, and this involved the question whether his equity of redemption was barred by the judgment of foreclosure or by the sale under the judgment. The court of appeals held that his equity was barred, not by the judgment, but by the sale. There was no question in the case as between the sale and the conveyance under it, and that question was neither discussed nor considered by the court. It is true that the learned judge who wrote the opinion for the court used at times the words "sale and conveyance," as if they were contemporaneous acts, but he nowhere suggests that it is the conveyance rather than the sale which bars the equity of redemption. In fact, he uses language which bears only the contrary construction, saying, "The provision barring others of their interest in, or of their rights of equity of redemption in, the mortgaged premises, of necessity relates to the final concluding act,—that of a sale of the premises." My conclusion is that the purchaser is entitled to receive a deed upon complying with the terms of sale; that the sale terminated the mortgagor's right; and that no unfairness, oppression, or irregularity has been shown which would justify the court in setting aside the sale. The motion must, therefore, be denied, with $10 costs, to be paid to the purchaser.

Motion denied, with $10 costs.