A. David Benjamin, J.
This is an application for an order voiding a sale held at public auction and permitting redemption as to certain parcels. The movant, not a party to this action, purchased certain parcels of land involved in this foreclosure action after the lis pendens was filed and after judgment of foreclosure had been entered, but prior to the date of sale at public auction. Prior to the sale the moving party attempted to make a tender to the Referee to redeem on certain parcels.
The action was brought to foreclose 44 separate transfer of tax liens on 44 different parcels of land, all separately owned. There were 226 defendants in the action. At the public auction all 44 parcels were separately offered for sale. Ten parcels were bid in by persons not parties to the action and are not in any way affected by the instant application. The remaining 34 parcels were bid in by the plaintiff and constitute the subject matter of the instant application.
Upon the conclusion of the separate individual sales the 34 parcels bid in by the plaintiff were, pursuant to the judgment of foreclosure, reoffered for sale in bulk by the Referee to sell. This was done over the objection of the movant herein. On the bulk sale for 34 parcels the plaintiff was the highest bidder upon his bid which exceeded by $100 the aggregate amount of the 34 individual bids.
It is conceded that under the bids on the individual sales of the 34 parcels certain sales would result in a surplus for the owners of the equity of redemption, while under the bulk sale price, assuming an equal distribution among the 34 parcels, not one would show a surplus.
It must be borne in mind that each parcel of land involved herein is the subject of an independent cause of action, though joined with similar causes of action in one complaint. Such *936 joinders are permitted under section 258 of the Civil Practice Act and serve to avoid a multiplicity of suits and to obviate the necessity of a large expenditure in fees (People ex rel. Adrian Corp. v. Sexton, 251 App. Div. 181).
These parcels were in separate ownership and they were not subject to a common lien but to separate and distinct liens which had been imposed by law under the taxing statutes.
The prices bid on the individual sales fixed the minimum sale price of each parcel for the purposes of this action. Thereafter the equitable interest in a possible surplus could not be adversely affected. It could be increased but not decreased.
The judgment of foreclosure and sale directed a sale in separate parcels for the purpose of fixing the value of each parcel to protect the rights of each owner. It further directed, for the purpose of possibly increasing the value of each parcel, that the parcels bid in by the plaintiff be reoffered for sale in bulk. The bulk sale provision was inserted with the intention and purpose of attracting bidders who might be interested in plottage rather than single lots.
The bulk sale did increase the aggregate sale price by $100.
The court finds that the bulk sale, having brought the larger amount, is deemed to be the final sale for the purpose of conveying title to the highest bidder, in this case, the plaintiff. But as regards the individual and separate prices which each parcel is deemed to have brought on the final sale, the court finds that the individual sale price of each parcel brought an amount equal to the separate sale price plus a proportionate share of the excess $100 bid on the bulk sale.
The proper method of apportioning the excess $100 among the 34 parcels, therefore, would be to distribute the $100 so as to increase the sale price of each parcel, as bid on the individual sales, in the same proportion that the amount bid on each separate sale bears to the aggregate amount bid on the individual sales.
The sale price of each parcel on the separate sales plus a proportionate share of the excess $100, as herein defined, shall be deemed the final sale price of each individual parcel.
With respect to the movant’s standing in making the instant application, the court finds that he is properly before the court. Being the owner of the equity of redemption, the movant is entitled to appear and protect his rights in such equity. (Title Guar. & Trust Co. v. 457 Schenectady Ave., 235 App. Div. 509; Weiss v. Stone, 129 N. Y. S. 2d 525.)
Concerning the movant’s application herein for an order compelling acceptance of his offer to redeem as to certain parcels, *937 the court finds that the moving party is precluded from redeeming after the sale is held. (Brown v. Frost, Hoff. Ch. 41, revd. 10 Paige Ch. 243; Tuthill v. Tracy, 31 N. Y. 157; Barnard v. Jersey, 39 Misc. 212, 213; Nutt v. Cuming, 22 App. Div. 92, affd. 155 N. Y. 309.) The application for permission to redeem by the moving party should have been made to the court prior to the sale and not to the Referee to sell (Civ. Prac. Act, § 1084; Weiss v. Stone, supra, where the redemption was permitted on application made to the court before the sale).
The motion is in all respects denied.
The Referee is directed to complete the reference to sell by delivering a deed or deeds to the plaintiff purchaser for the price bid on the bulk sale and to credit each parcel with the price bid on the individual sales increased by a proportionate share of the excess sum of $100 bid on the bulk sale as herein-above indicated.
Settle order on notice.