09-3139-bk
Wisotzke v. Ontario County

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-ninth day of June, two thousand and ten.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM J. WISOTZKE, JR.,

        *Appellant,*

        -v.-                                 No. 09-3139-bk

ONTARIO COUNTY and DONALD BRAULT,

        *Appellees,*

GEORGE M. REIBER,

        *Trustee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**        PETER D. GRUBEA, Buffalo, NY (Rachel S. Sherman, Troy, NY, *of counsel*).

**FOR APPELLEES:**        JASON S. DIPONZIO, Rochester, NY, *for Appellee Ontario County.*

                           DAVID D. MACKNIGHT, Lacy, Katzen, Ryen and Mittleman LLP, Rochester, NY, *for Appellee Donald Brault.*

1

Appeal from a June 23, 2009 judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

On June 23, 2009, the District Court affirmed a judgment of the United States Bankruptcy Court, Western District of New York (John C. Ninfo, II, *Judge*), holding that certain real property (the "Property") was not an asset of appellant Wisotzke's estate at the time he filed for protection under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 541. Wisotzke filed a timely appeal.

Wisotzke makes two arguments on appeal.[1] First, he argues that the District Court erred in concluding that his legal and equitable title to the Property had expired when he failed to redeem it within the thirty day grace period for redemption following a judgment of foreclosure under New York law. N.Y. Real Prop. Tax Law § 1131 (2000). Because he retained a legal and equitable interest in the Property at the time he filed for bankruptcy protection, Wisotzke claims, the Property was property of the estate pursuant to 11 U.S.C. § 541.

Second, Wisotzke argues that the District Court erred in concluding that the *in rem* tax foreclosure proceeding conducted by Ontario County following the judgment of foreclosure was not a "foreclosure sale" within the meaning of 11 U.S.C. § 1322(c). Even if his legal and equitable interest and right to redeem the Property expired under New York law, he asserts, § 1322(c) supersedes state law and tolls the redemption period until "a foreclosure sale is conducted in accordance with nonbankruptcy law." 11 U.S.C. § 1322(c)(1).

"[W]e review the decision of the bankruptcy court independently," examining its conclusions of law *de novo* and its factual findings for clear error. *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 607 (2d Cir. 2007). "We will determine that a finding is clearly erroneous when we are left with the definite and firm conviction that a mistake has been made." *In Re Ames Department Stores,* 582 F.3d 422, 426 (2d Cir. 2009) (internal quotation marks omitted).

After an independent review, we hold, for substantially the reasons stated by the District Court in its well-reasoned opinion, *Wisotzke v. Ontario County*, 409 B.R. 20 (W.D.N.Y. 2009), that the Property was not property of the estate pursuant to 11 U.S.C. § 541 and that the *in rem* tax foreclosure proceeding conducted by Ontario County following the judgment of foreclosure was not a "foreclosure sale" within the meaning of 11 U.S.C. § 1322(c).

---

[1] It is undisputed that the County failed to execute and record the deed to the Property until after it was sold at auction. Whether that step was a necessary predicate to the complete divestment of Wisotzke's interest in the Property pursuant to state law, N.Y. Real Property Tax Law § 1136(3), or instead a mere "ministerial act," *In re Rodgers*, 333 F.3d 64, 67 (2d Cir. 2003), we express no judgment. Because Wisotzke neglected to raise that argument on appeal, it is "abandoned and lost." *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002).

2

## CONCLUSION

We have considered each of Wisotzke's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court