■ BELSID HOLDING CORP., Appellant, v. FRANK C. DAHM et al., Respondents, et al., Defendants. FRANCIS J. McCAFFREY, Respondent.— In an action

to foreclose a mortgage on real property, the plaintiff appeals from two orders of the Supreme Court, Westchester County, dated July 25, 1960 and August 5, 1960, respectively. The first order, dated July 25, 1960, grants the motion of defendant Frank C. Dahm and permits him to pay: (1) the entire unpaid balance of principal and interest owing on the mortgage, (2) the costs of the action, (3) the amount advanced for insurance premiums, and (4) the receiver's fee and expenses; and directs, *inter alia,* that upon the making of such payments the complaint be dismissed. The second order, dated August 5, 1960, grants plaintiff's motion for reargument, but adheres to the original determination. Order of August 5, 1960, affirmed, with $10 costs and disbursements. Appeal from order of July 25, 1960, dismissed, without costs. This order was superseded by the later order of August 5, 1960. The owner of the equity of redemption has a right to redeem at any time before an actual sale under a judgment of foreclosure (*Nutt* v. *Cuming,* 155 N. Y. 309; 15 Carmody-Wait, New York Practice, p. 322, § 193, and cases there cited). The amount permitted to be paid here was not merely the total of the installments of principal and interest as to which there had been a default in payment, but the entire unpaid balance of the bond and mortgage. Such balance had become due by reason of the plaintiff mortgagee's exercise of his option under the mortgage to declare the entire balance due because of the defaults on the payment of the installments. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.