**In re David B. BUTCHMAN, Suzanne M. Butchman, Debtors.**

**Bankruptcy No. 80 B 20137.**

United States Bankruptcy Court, S. D. New York.

June 4, 1980.

Gerald A. Kagan, New York City, for debtors.

Cyril T. McDermott, Peekskill, N. Y., for Peekskill Sav. Bank.

DECISION ON MOTION BROUGHT BY PEEKSKILL SAVINGS BANK TO HAVE CHAPTER 13 PETITION DISMISSED

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Peekskill Savings Bank [Peekskill], as the holder of a consolidated first mortgage on the home of the above-named debtors in this Chapter 13 case, has objected to the confirmation of their plan and seeks a dismissal of the case on the ground that a foreclosure sale took place before the filing of the Chapter 13 case.

On March 27, 1973, Peekskill took a first mortgage on the debtors' home in Yorktown, Westchester County, New York, to secure a loan of $30,400. Four years later the debtors defaulted and an action to foreclose the mortgage was instituted. However, they were able to come up with an additional loan from Peekskill so that all arrears were paid up and the foreclosure action was discontinued. Two years later the debtors defaulted with respect to the consolidated mortgage which resulted in the commencement of a second foreclosure action by Peekskill on November 27, 1979. The debtors again defaulted in appearance with the result that a judgment was entered against them in favor of Peekskill for the sum of $39,737.83, with interest from January 29, 1980, together with $720 for costs, disbursements and allowances.

The property was advertised for sale at public auction under the direction of the state court-appointed referee. The foreclosure sale was scheduled for 10:00 A.M. on Monday, April 14, 1980.

On March 28, 1980, several weeks prior to the scheduled foreclosure sale, the debtors executed and swore to a petition, schedules and statement of affairs for the commencement of a case under Chapter 13 of the

Bankruptcy Reform Act of 1978. The annexed Chapter 13 Plan provided that the debtors would pay to the trustee the sum of $300 monthly to cover the priority payments required by 11 U.S.C. § 507 and for the payment of arrearages on the mortgage over the course of one year in twelve monthly installments to the trustee plus reasonable administration costs. The regular monthly mortgage payments to Peekskill were to be made by the debtors outside of the Chapter 13 Plan. The debtors stated that they had no unsecured creditors and therefore no payments were required for this class.

Instead of filing the Chapter 13 petition with this court in person the debtors' attorney, whose office is located in New York City, mailed the papers to the court in White Plains, New York towards the end of the week preceding the Monday morning foreclosure sale scheduled for April 14, 1980. The papers were received in due course by the clerk and docketed with the "Filed" stamp dated April 14, 1980 at 12:04 P.M.

However, the foreclosure sale took place at 10:00 A.M. on April 14, 1980, as scheduled. After a series of bids between two different parties, the property was sold at approximately 10:05 A.M. to third parties for $46,500, who signed a memorandum of purchase and made a down payment to the referee at that time in the sum of $4,650. The deed was to be turned over to them at the closing scheduled for the following month. In their Chapter 13 petition, the debtors estimated the market value of their house to be $50,000.

Peekskill seeks a dismissal of this case and does not believe that it is affected by the automatic stay under Code § 362 for the reason that the prepetition foreclosure sale allegedly removed the property from the jurisdiction of this court.

Code § 301 specifies the manner in which a voluntary case is commenced. A voluntary case under a chapter of 11 U.S.C. is commenced by the filing with the bankruptcy court of a petition under the appropriate chapter by an entity that may be a debtor under such chapter. This provision is expressly made applicable to a case under Chapter 13 by Code § 103(a). Thus, the debtors' Chapter 13 case was commenced at 12:04 P.M. when their Chapter 13 petition was docketed as filed with the court. The filing was therefore subsequent to the foreclosure sale that took place at 10:05 that morning.

Accordingly, in viewing all the debtors' legal or equitable interest in property as of the commencement of the case for purposes of ascertaining the property of the estate, within the meaning of this term under Code § 541, this court must regard the filing time of 12:04 P.M. on April 14, 1980 as definitive. Hence, the debtors' legal and equitable rights in the foreclosed property are dependent upon what interest they could appropriately assert under New York law after the foreclosure sale transpired earlier that day.

It is settled law in New York that a valid judgment and sale in a mortgage foreclosure action entitle the purchaser at the sale to receive a deed to the premises upon compliance with the terms of the sale and that the mortgagor has no right to redeem the premises after the sale but before the purchaser has received a deed. *Belsid Holding Corp. v. Dahm*, 12 A.D.2d 449, 500, 207 N.Y.S.2d 91 (2d Dept. 1960); *Barnard v. Jersey*, 39 Misc. 212, 79 N.Y.S. 380 (1902); 38 *New York Jurisprudence* § 286; 15 *Carmody Wait* 2d § 95:17. Thus, the foreclosure sale effectively cut off the debtors' legal title or equity of redemption in the mortgaged premises. The only property of the estate for purposes of Code § 541 that may be considered within the aegis of this court consists of whatever right the debtors might have had with respect to the surplus remaining after the disposition of the mortgaged premises upon the completion of the foreclosure sale. This surplus is estimated to be approximately $4,300.

Since the Chapter 13 petition was filed solely to cure the existing mortgage default and to continue the mortgage in effect, such purpose was frustrated and made academic by the valid prepetition mortgage

foreclosure sale. When a debtor's legal and equitable interests in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow. See *GSVC Restaurant Corp.*, 3 B.R. 491, 6 Bankr.Ct.Dec. 134 (S.D.N.Y.1980) aff'd (D.C.N.Y. April 18, 1980) Goettel, D.J.

Furthermore, it should be noted that the debtors' Chapter 13 Plan could not be confirmed in any event, because payments of $300 per month could not, after distributions to cover priority payments required by Code § 507, satisfy within one year the arrearage under the mortgage, totalling in excess of $4,000. Therefore, the plan that is now before this court is patently incapable of complying with the requirements of Code § 1322(b)(5) within one year, as proposed.

In light of the foregoing, the Chapter 13 petition must be, and hereby is, dismissed.

IT IS SO ORDERED.