**In re Ken Lowell SMITH, Debtor.**

**Bankruptcy No. CHP 13 80–21157.**

United States Bankruptcy Court,
W. D. New York.

Nov. 11, 1980.

John L. Licciardi, Rochester, for Columbia Banking, Sav. & Loan Ass'n.

Kenneth Gallant, Rochester, for debtor.

George M. Reiber, Rochester, Trustee for debtor.

Herman Kestenblatt, Rochester, for Mr. Real Estate, Inc. and 2005 Dewey Ave., Inc.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

An application for a declaratory judgment has been made by a foreclosure sale purchaser of real property who seeks a ruling from this Court (1) as to whether the real property which he purchased at the foreclosure sale is part of the above debtor's estate in light of the fact that the debtor filed a Chapter 13 bankruptcy petition after the sale but before a referee's deed was delivered to the purchaser, and (2) as to whether the § 362(a) automatic stay applies so as to prevent the purchaser from now receiving a deed to the real property which was sold at the foreclosure sale.

No one has raised the question of whether this Court has the jurisdiction to make a declaratory judgment. However, under the Bankruptcy Reform Act of 1978's General Grant of Jurisdiction, in 28 U.S.C. § 1471, such jurisdiction has been granted.

The facts appear to be as follows: On May 5, 1980, a lis pendens commencing a foreclosure action by the mortgagee against the mortgagor's residence was filed in the Monroe County Clerk's Office. Subsequently, a Judgment of Foreclosure and Sale was obtained. A publication of Notice of Sale followed, and the public sale took place on August 12, 1980. On September 15, 1980, the debtor filed his petition in bankruptcy under Chapter 13. At the time of the filing the referee in the foreclosure action had not delivered a deed to the purchaser. The referee and the purchaser now wish to complete the sale. The debtor opposes the completion of the sale and the delivery of the deed, saying in effect that the real property in question is part of the debtor's estate and that the debtor will catch up mortgage arrearages and bring the mortgage current within the plan.

Sections 1306(a) and 541(a)(1) of the Bankruptcy Code indicate that property of the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." In order to determine whether or not the debtor had any interest in the real property in question as of September 15, 1980, it is necessary to look to state law.

In New York, a valid Judgment of Sale, under § 1351 of the New York Real Property Actions and Proceedings Law, and the sale of the real property by the appointed referee, effectively cut off the legal and equitable interests the mortgagor has in the mortgaged premises, since these two things serve to transfer the interests of those who have an estate in the land. 2A *Warren's Weed–New York Real Property* § 13.07 (4th

ed. 1980). Specifically, the mortgagor's right of redemption, which can still be exercised after the Judgment of Sale, no longer exists after the sale itself; the sale cuts off any such right. *Id.* § 15.03; 38 N.Y.Jur. *Mortgages* § 286; Marks, Maloney & Paperno, *Mortgage & Mortgage Foreclosure in New York* (1980); *Belsid Holding Corp. v. Dahm,* 12 A.D.2d 499, 207 N.Y.S.2d 91 (2d Dept. 1960). Additionally, once a valid judgment is obtained and a sale takes place, the purchaser is entitled to a referee's deed. New York Real Property Actions and Proceedings Law, § 1353; 38 N.Y.Jur. *Mortgages* § 286. Once the purchaser is given delivery of the deed, title to the property vests in him. *Id.*; *Central Hanover Bank & Trust Co. v. Boccia,* 244 A.D. 106, 278 N.Y.S. 737 (2d Dept. 1935); *Cheney v. Woodruff,* 45 N.Y. 98 (1871).

In the case at bar, no deed was delivered to the purchaser prior to the debtor's bankruptcy filing. However, this does not mean that the debtor still had an interest in the property, The Judgment of Sale, in addition to the actual sale, cut off all the debtor's interests in the property. See *In re Butchman,* 4 B.R. 379 at 380, 2 C.B.C.2d 174 at 177 (S.D.N.Y.1980) where Judge Schwartzberg reached the same conclusion under similar facts.

Thus, the real property which was sold at the foreclosure sale is not property of the estate under § 541, since as of the commencement of the case the debtor had no legal or equitable interests in it under New York law. As a result, the automatic stay under § 362(a) of the Bankruptcy Code does not apply and the foreclosure sale purchaser is free to accept delivery of the referee's deed.

It is so ordered.