In re NIMAI KUMAR GHOSH, Debtor.

NIMAI KUMAR GHOSH, Plaintiff,

v.

FINANCIAL FEDERAL SAVINGS AND LOAN ASSOCIATION and George Andreadis, Defendants.

Bankruptcy No. 182–12956–260.

Adv. No. 184–0001.

United States Bankruptcy Court, E.D. New York.

April 4, 1984.

Queens Legal Services Corporation, Jamaica, N.Y., for debtor.

Fried, Frank, Harris, Shriver & Jacobson, New York City, of counsel to Queens Legal Services Corp.

Philip Irwin Aaron, Jericho, N.Y., for Financial Federal Savings.

Stanley Edward Bogal, Mineola, N.Y., for George Andreadis.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

### I

### FACTS

The debtor, Nimai Kumar Ghosh, was in default on mortgage installment payments due on his personal residence owned by him and his wife. As a consequence of this default, a valid judgment of foreclosure in the amount of $47,376.90 was obtained on November 15, 1982 by the mortgagee of this property, Financial Federal Savings & Loan Association. In order to thwart an imminent foreclosure sale the debtor, acting *pro se*, filed a Chapter 7 petition in bankruptcy in this Court on December 3, 1982. At the moment of the filing he came under the protection of the automatic stay provisions of the Bankruptcy Code which bar a creditor from taking legal action against a debtor without leave of the bankruptcy court. 11 U.S.C. Section 362.

Subsequent to this filing, the debtor procured the assistance of *pro bono* counsel who advised him to convert his Chapter 7 case to one under Chapter 13 in order to retain possession of his home, since under Chapter 13 a debtor is permitted to reinstate a foreclosed mortgage and cure any pre-petition defaults over a three to five year period. 11 U.S.C. Section 1322(b)(3), (5) and (c). *In re Taddeo*, 685 F.2d 24 (2d Cir.1982); *In re Acevedo*, 26 B.R. 994 (D.C. E.D.N.Y.1983). On January 4, 1983 the case was so converted as a matter of right pursuant to 11 U.S.C. Section 706(a).[1]

On February 18, 1983 the mortgagee objected to the debtor's proposed plan of repayment. The debtor then filed an amended plan on March 21, 1983 in order to satisfy the objections of the mortgagee. However, after a determination that the debtor lacked sufficient funds to carry out his proposed amended plan, this Court, with the consent of the debtor, entered an order dated July 26, 1983, converting the case back to Chapter 7, pursuant to Section 1307 of the Code which states that a debtor may convert a case under that chapter to one under Chapter 7 at any time.

The mortgagee thereafter sought relief from the automatic stay in order to continue its foreclosure proceedings. The facts elicited during the motion proceedings revealed that there was a balance of about $54,000 under the mortgage. In light of the interest of the debtor's spouse in the property to the extent of one-half of the equity and the amount of the debtor's homestead exemption,[2] the balance remaining for the estate was minimal based upon the trustee's evaluation of the property's worth. As a result he abandoned his interest in it. 11 U.S.C. Section 554(a). After due consideration, this Court on October 19, 1983 granted the motion of the mortgagee to lift the stay. The debtor did not appeal from that order.

The foreclosure sale was thereafter conducted on November 30, 1983 at which time it was bought by one George Andreadis for $103,000, an amount significantly higher than either the trustee's appraisal or the balance due under the mortgage. It is abundantly clear that after transfer of title, the trustee would revive his interest in the property which he had abandoned and the net surplus remaining would be divided equally between the debtor's spouse and the trustee, subject to the debtor's homestead exemption in the trustee's share of the surplus as already noted above. The closing of title as well as the transfer of the foreclosure referee's deed was scheduled for January 6, 1984. On the application of the debtor, the closing and transfer

---

1. Section 706. Conversion

    (a) The debtor may convert a case under this chapter to a case under Chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

2. In New York, debtors are entitled to a $10,000 homestead exemption pursuant to N.Y.Debt. & Cred.Law Section 282 (McKinney) and N.Y.Civ. Prac.Law & Rules Section 5206(a) (McKinney).

of title was temporarily stayed by order to show cause signed by this Court on January 5, 1984, it being the contention of the debtor that the property continued to be an asset of the debtor in view of the fact that the deed had not as yet been delivered to the purchaser and that if the debtor were given an opportunity to convert this case once again from Chapter 7 to Chapter 13, he would be able to reinstate the mortgage and cure the default through a Chapter 13 plan.

## II

## ISSUES

A. Was the debtor's interest in the property terminated by the foreclosure sale even though the formal transfer of the deed to the property had not as yet occurred at the time the temporary stay was issued?

B. May the debtor convert his Chapter 7 case to a Chapter 13 case in light of the fact that one such conversion had previously taken place?

## III

## DISCUSSION AND CONCLUSIONS

### A

■ The first issue the debtor asks the Court to address is not novel. Bankruptcy courts in this circuit have been confronted with a nearly identical question on at least two prior occasions and in both instances concluded that under New York law a debtor loses all equitable and legal interest in real property validly sold at foreclosure whether or not the deed to that property has been delivered to the purchaser. *In re Smith*, 7 B.R. 106 (Bkrtcy.W.D. N.Y.1980) and *In re Butchman*, 4 B.R. 379 (Bkrtcy.S.D.N.Y.1980). Without the debtor having a cognizable interest in the residence it cannot possibly be regarded as property of his estate within the meaning of 11 U.S.C. Section 541.[3] Accordingly, he lacks the power to deaccelerate or reinstate

the mortgage and cure any defaults, a right ordinarily available to debtors who retain an identifiable interest in real property on which there has been a judgment of foreclosure. *In re Taddeo*, and *In re Acevedo, supra.*

The holdings in *Smith* and *Butchman* are based on an analysis of New York law which finds "that a valid judgment and sale in a mortgage foreclosure action entitle the purchaser at the sale to receive a deed to the premises upon compliance with the terms of the sale and that the mortgagor has no right to redeem the premises after the sale but before the purchaser has received a deed." *Butchman* at 380 citing *Belsid Holding Corp. v. Dahm*, 12 A.D.2d 499, 500, 207 N.Y.S.2d 91 (1960); *Barnard v. Jersey*, 39 Misc. 212, 79 N.Y.S. 380 (1902); *New York Jurisprudence* Section 286; 15 *Carmody Wait* 2d Section 95:17.

The debtor expressly questions the holdings in *Smith* and *Butchman* and relies on the case of *Long Island Savings Bank v. Schoon*, 103 Misc.2d 600, 426 N.Y.S.2d 925 (1980) in support of its view that the debtor retains an interest in the premises sufficient to permit a reinstatement of the mortgage. I disagree with the debtor's analysis.

The *Schoon* court held that the perfecting of a foreclosure sale requires the delivery of a deed to the purchaser. In finding that anything short of passing of title by delivery of the deed does not constitute a sale, but merely an agreement to sell, *Schoon* cites *Neponsit Holding Corp. v. Ansorge*, 215 A.D. 371, 214 N.Y.S. 91 (1926) as its authority. However, reliance on this authority is misplaced. *Neponsit* refers to the usual buyer/seller relationship which is absent in this situation. Here the sale was forced upon the debtor by a mortgagee exercising rights under the mortgage agreement. The usual seller may choose to back out of a contract of sale and suffer the consequence, as was the case in *Neponsit*, by paying damages, giving the buyer the benefit of its bargain

---

**3.** Section 541 states in relevant part that the commencement of a case under title 11 of the United States Code creates an estate that con-

sists of all the debtor's legal and equitable interest in property as of the commencement of the case.

or being forced to perform, because the holder of equitable title to the property, the buyer, may be entitled to possession under the remedy of specific performance. The seller has this option to rescind because in the ordinary sale of real estate he continues to hold legal title until the deed is delivered to the buyer at the closing. On the other hand, a mortgagor or debtor in a forced sale has no legal or equitable interest in real property after a foreclosure sale, even if the formal transfer of the title has not taken place unless of course he has the right to redeem.

The fact that bankruptcy courts in other jurisdictions have recognized the right of a debtor to reinstate a mortgage after a sale but prior to the passing of a deed, see, e.g., *In re Ivory,* 32 B.R. 788 (Bkrtcy.D.Or. 1983); *In re Chambers,* 27 B.R. 687 (Bkrtcy.S.D.Fla.1983) *In re Kokkinis,* 22 B.R. 353 (Bkrtcy.N.D.Ill.1982); *In re Taylor,* 21 B.R. 179 (Bkrtcy.W.D.Mo.1982); *In re Gooden,* 21 B.R. 456 (Bkrtcy.N.D.Ga. 1982); *In re Thompson,* 17 B.R. 748 (Bkrtcy.W.D.Mich.1982), is not relevant to this proceeding since those states have redemption statutes and New York does not.[4]

■ The law governing the debtor's interest in real property is determined by local law. *See, Haas v. Rendleman,* 62 F.2d 701 (4th Cir.), *cert. den.* 289 U.S. 750, 53 S.Ct. 695, 77 L.Ed. 1495 (1933); *In re Wallace,* 31 B.R. 64 (Bkrtcy.D.Md.1983); *In re Shirley,* 30 B.R. 195 (Bkrtcy.D.Md. 1983).

■ A debtor's right to reinstate a mortgage in a Chapter 13 case must always be gauged according to his interest in the property as defined by state law. *See, Matter of Valente,* 34 B.R. 804 (Bkrtcy.D. Conn.1982). Since New York has no redemption statute, the debtor's interest in the property is extinguished upon the completion of the foreclosure sale. He has no right to reinstate the mortgage since it no longer can be property of his estate as

defined by Section 541 of the Code. *See,* Note 3, *supra.* The purchaser, Andreadis, is therefore entitled to have the deed delivered to him without interference from the debtor. Thus, the debtor does not have the right to deaccelerate as provided for in *Taddeo* and *Acevedo, supra.* Once the legal and equitable interests of the debtor are terminated as established by state law, that right is lost.

### B

■ The debtor seeks to convert his pending Chapter 7 case to one under Chapter 13. As previously stated, his purpose in seeking this conversion is to reinstate the mortgage on his home and cure the arrearages in order to retain possession of the home. Although it has been determined that the debtor lacks any legal or equitable interest in the home, the question of his right of conversion to a Chapter 13 remains open.

As noted earlier, the debtor initially filed a Chapter 7 petition, had it converted to a Chapter 13 petition pursuant to 11 U.S.C. Section 706, and then had it reconverted to Chapter 7 under the authority of 11 U.S.C. Section 1307.

Unfortunately, for the debtor, the language of Section 706 clearly bars a debtor from converting a case from Chapter 7 to Chapter 13 more than once. Subsection (a) of that section states in relevant part that a "debtor may convert a case under this chapter to a case under Chapter 11 or 13 of this title at any time, if the case has not been converted under Section 1112 or 1307 of this title."[5] The language of this statute is not discretionary. By its plain meaning it bars the debtor from this second attempt at conversion. Moreover, there is no case law supporting a discretionary right. At least one other bankruptcy court has arrived at this conclusion, *In re Bumpass,* 28 B.R. 597 (Bkrtcy.S.D.N.Y.1983), and this Court shares that view.

---

**4.** The right of a mortgagor to redeem from a foreclosure sale has long been abolished in New York. The Mortgage Redemption Act, which provides that the mortgagor had the right to redeem from a mortgage foreclosure sale for a period of one year, as in the case of a sale upon an execution, was repealed in 1838. *North River Ins. Co. v. Snediken,* 10 How.Pr. 310.

**5.** *See* Note 1, *supra.*

However, in spite of the fact that the debtor is barred from converting his Chapter 7 case he may file a new Chapter 13 petition during the pendency of his Chapter 7 case. *In re Bumpass, supra; In re Robinson,* 18 B.R. 891 (Bkrtcy.D.Conn. 1982). If he chooses that course of action, the debtor will be obligated to satisfy all the requirements of a Chapter 13 petition including demonstrating good faith, *In re Chin,* 31 B.R. 314 (Bkrtcy.S.D.N.Y.1983), and an ability to adequately fund a plan. *In re Overstreet,* 23 B.R. 712 (Bkrtcy.W.D. La.1982). That, however, is not a determination that can or should be made at this time. If he should decide to file a new Chapter 13 petition it will be judged by the appropriate criteria at that time. In any event, the filing of a new petition could not be used by the debtor as a vehicle for retaining possession of his residence since all of his legal and equitable interest in that property has been cut off, thus barring it from becoming property of his estate.

IT IS SO ORDERED.