**In re Lance R. PITZEN, Debtor.**

**Karen D. PITZEN, Plaintiff,**

v.

**Lance R. PITZEN, Defendant.**

**Bankruptcy No. 84–00054.
Adv. No. 85–0315.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 22, 1986.

Code.

$2,500. Upon consideration of the evidence adduced at trial, and the stipulations and oral arguments of the parties, the court finds that the debt in issue is in the nature of alimony and should not, therefore, be discharged in bankruptcy.

## FACTS

Plaintiff and Defendant were granted a dissolution of their marriage on October 4, 1982, by the Common Pleas Court of Lucas County, Ohio. As part of the judgment entry of dissolution, a separation agreement was entered into by the parties. The pertinent part of that agreement reads as follows:

> 8. Debts. Husband shall, as additional alimony to Wife, pay all debts, obligations and charges incurred by the parties, severally or jointly, prior to the execution of this Agreement, defend and hold Wife harmless thereon....

Defendant filed a voluntary petition in bankruptcy on January 11, 1984, and was granted a discharge on April 24, 1984. On May 28, 1985, Old Republic Insurance Company filed a complaint against Plaintiff for default of a promissory note signed by the parties during their marriage. Plaintiff then filed a complaint against Debtor/Defendant to determine dischargeability of this debt.

David F. Wiley, Toledo, Ohio, for plaintiff.

Clint M. McBee, Toledo, Ohio, for defendant.

## ORDER DETERMINING DISCHARGEABILITY

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial on July 17, 1986, upon Plaintiff's complaint to determine the dischargeability of Defendant's debt to Plaintiff, pursuant to 11 U.S.C. § 523(a)(5), on the grounds that Defendant agreed to defend and hold Plaintiff harmless on a debt to Old Republic Insurance Company in the approximate amount of

## DISCUSSION

The issue before this court is whether Defendant's assumption of the joint debt to Old Republic Insurance Company and his corresponding commitment to hold Plaintiff harmless thereon is in the nature of alimony, maintenance or support, which is nondischargeable, or is in the nature of a property settlement, which is dischargeable. 11 U.S.C. § 523(a)(5) is the applicable statutory provision, which excepts from discharge payments:

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settle-

**12**

ment agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support . . .

*Long v. Calhoun,* 715 F.2d 1103 (6th Cir.1983), sets forth a three part test to determine the dischargeability of a debt incurred as a result of a divorce settlement. The first element of this three part test is "whether the state court or the parties to the divorce 'intended' to create an obligation to provide support through the assumption of the joint debts." *Id.* at 1109. If the court finds that the parties intended the assumption as support, the court must "next inquire whether such assumption has the 'effect' of providing the support 'necessary' to ensure that the daily needs of the former spouse and any children of the marriage are satisfied." *Id.* If the assumption has the effect of providing necessary support, "the bankruptcy court must finally determine that the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." *Id.* at 1110.

■ At the outset, it should be noted that Plaintiff bears the burden of proving that the assumption of the joint debt was intended as alimony or support. *See* Bankruptcy Rule 4005; *see also Calhoun, supra* 715 F.2d at 1111 n. 15; *Tilley v. Jessee,* 789 F.2d 1074 (4th Cir.1986) (code favors dischargeability unless complaining spouse demonstrates obligation is in the nature of alimony).

■ The first element of the *Calhoun* test requires, in the instant situation, analysis of the parties' intent regarding paragraph 8 of the divorce decree. While the court "is not required to accept as determinative those statements within a divorce decree which establish particular obligations as alimony or property settlement arrangements," the express terms of the

separation agreement is useful in making a determination as to the substantive nature of a Debtor's obligation. *See In Re Conrad,* 33 B.R. 601 (Bkrtcy.N.D.Ohio 1983) (court is not required to accept statements as determinative of alimony or property settlement); *Hixson v. Hixson,* 23 B.R. 492 (Bkrtcy.S.D.Ohio 1982) (express terms of separation agreement is useful in making determination).

The language of paragraph 8 indicates that Defendant shall "as additional alimony," defend and hold wife harmless on the joint debts of the parties. The express terms of the separation agreement indicate that the assumption was "as additional alimony." Additionally, Plaintiff testified that it was her intent that Defendant's assumption of this debt was in the nature of alimony. She stated that she would have been unable to make the mortgage payments and, in fact, would have been unable to survive, absent Defendant's assumption of, and corresponding commitment to hold her harmless on, the debt. Defendant voluntarily consented to the separation agreement and its terms. No evidence was presented indicating Defendant's misunderstanding of the terms of the separation agreement. Nothing in the record supports a finding that the parties mutually intended the obligation to be other than that expressed in the written agreement. *See Tilley v. Jessee, supra* 789 F.2d at 1078.

■ Because the court finds that the parties intended Defendant's assumption as alimony, it must next inquire whether Defendant's assumption had the effect of providing the necessary support to Plaintiff and the child of the parties. Additionally, the court may presume that the clause in the separation agreement is intended for support, where the circumstances indicate that the recipient spouse needs support. *In Re Singer,* 787 F.2d 1033 (6th Cir.1986).

Joint Exhibit 3 sets forth Plaintiff's financial position as it existed at the time of the divorce. Specifically, it indicates that her expenses exceeded her income at the time of the parties' divorce. Additionally,

she testified that her financial position is unchanged from that outlined in Joint Exhibit 3, except for a slight increase in her rent. As such, Defendant's assumption of the agreement to hold Plaintiff harmless on the obligation in question has the effect of providing support as it allows Plaintiff to use her money for necessities and support of herself and of the minor child of the marriage. Plaintiff needs the support provided by Defendant's assumption of this debt as she would be unable to support herself and the minor child of the parties if this obligation were imposed on her. Plaintiff's income is consumed in providing the necessities for herself and the minor child of the parties.

Lastly, the court must "determine the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." *Calhoun, supra* 715 F.2d at 1110. The *Calhoun* court, in analyzing this element, stated that:

> If, at the time the debts were assumed, the assumption substantially exceeded a spouse's present and foreseeable ability to pay, the amount of the assumption which exceeded that ability should not be characterized as in the nature of support.

*Calhoun, supra* 715 F.2d at 1110. If the court were not allowed to make this determination, then a Debtor would, in effect, be denied his opportunity for the fresh start, provided him through the federal bankruptcy law. The *Calhoun* court, however, also indicated that the court may consider Debtor's "current" general ability to pay as it relates to the continuing obligation to pay the joint debts, if the Debtor has experienced changed circumstances since the assumption. *Id.* at n. 11.

Joint Exhibit 4 sets forth Defendant's financial position as it existed at the time of the divorce. This information indicates that, like Plaintiff, Defendant's expenses exceeded his income, also. However, he testified that his financial position has changed, to date, as he has been called back to his former position with Chrysler. He has grossed, from June 9, 1986 until July 6, 1986, approximately $3,700, an in-

crease from his prior financial position. Defendant testified that the monthly payments to Old Republic Insurance Company is $95.47. This obligation would not, therefore, impose an undue hardship on Defendant. The court finds, then, that the third component of the *Calhoun* test is satisfied, disallowing Defendant's discharge of his assumption of the joint debt in issue. Defendant currently has the ability to pay the debt in issue. The court finds, then, the debt to be in the nature of alimony and, therefore, is nondischargeable.

For the foregoing reasons, it is, therefore

ORDERED that the debt in issue be, and it hereby is, determined to be nondischargeable.